UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re

       Jeffrey S. Prusan,

                    Debtor.
----------------------------------------------------------X

Case No. 09-49716-CEC

Chapter 7


<u>DECISION</u>


APPEARANCES:

Joshua N. Bleichman, Esq.
Bleichman & Klein
268 Route 59
Spring Valley, New York 10097
Attorney for the Debtor

Melinda D. Middlebrooks, Esq.
Joseph Shapiro, Esq.
Jonathan Goodgold, Esq.
Middlebrooks, Shapiro & Nachbar, P.C.
1757 Morris Avenue
Union, New Jersey 07083
Attorneys for Ira and Barbara Goldberg and
Jonathan Goodgold

CARLA E. CRAIG
Chief United States Bankruptcy Judge

1

This matter comes before the Court on the motion of Jeffrey S. Prusan (the "Debtor") for sanctions against Ira and Barbara Goldberg (together, the "Goldbergs") and Jonathan Goodgold, Esq. (together with the Goldbergs, the "Respondents") pursuant to § 362(k)[1] of the Bankruptcy Code for the willful violation of the automatic stay imposed by § 362(a). The Respondents oppose the Debtor's motion. For the following reasons, the Debtor's motion is denied.

## Jurisdiction

This Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 1334(b) and 157(b)(2)(A), and the Eastern District of New York standing order of reference dated August 28, 1986. This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Federal Rule of Bankruptcy Procedure 7052.

## Background

The following facts are undisputed.

On November 3, 2009, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. On Schedule F, the Debtor listed the Goldbergs as unsecured creditors holding a disputed claim, described as "judgment" for $675,000. On the Statement of Financial Affairs, the Debtor listed an action (the "State Court Action") brought against him by the Goldbergs in the Superior Court of New Jersey (the "N.J. State Court"), stating that the action was resolved by "settlement agreement."

The Debtor filed for bankruptcy on the date that he was scheduled to appear at a deposition in connection with the State Court Action. (Opp'n Ex. O.) On November 2, 2009, the day before the deposition, the Debtor's counsel notified Goodgold, the Goldberg's attorney in

---

[1] Unless otherwise indicated, all statutory references herein are to the Bankruptcy Code, 11 U.S.C.

the State Court Action, that the Debtor "is filing bankruptcy" and will not attend the deposition.

(Opp'n Ex. P.) Two days later, on November 4, 2009, the Debtor's counsel provided Goodgold

with a copy of the Debtor's petition. The petition did not contain a timestamp or other indication

that it had been filed with the court. On that same date, Goodgold, as counsel to the Goldbergs,

sent a letter to the N.J. State Court stating:

> Late on November 2, 2009, a fax came in from [Debtor's counsel]
> stating that Mr. Prusan will not attend the deposition because he "is
> **filing** bankruptcy." . . . I highlight the word "filing" because that is
> not what Mr. Prusan testified to Your Honor on October 20, 2009.
> He specifically stated he hired an attorney and **filed** for bankruptcy
> protection, but could not and did not provide any proof of same. . . .
> This morning we just received a copy of the Bankruptcy petition,
> which is dated November 3, 2009, further showing that Mr. Prusan's
> testimony was a deliberate lie to avoid being deposed and/or arrested.
> . . . While we are under the impression that Mr. Prusan's bankruptcy
> petition may have already been filed, we are uncertain and do not
> have any proof of same.

(Opp'n Ex. R at 1-2.) Based upon the Debtor's alleged misrepresentation, Goodgold requested

that the N.J. State Court "entertain or sua sponte order a contempt hearing." (Opp'n Ex. R at 2.)

The N.J. State Court contacted Goodgold the following week to schedule a hearing with

respect to the issues raised in the letter. Goodgold informed the N.J. State Court that the Debtor

filed for bankruptcy and that the matter could not proceed.

On November 12, 2009, the Debtor filed this motion alleging that, by sending the letter,

the Goldbergs and Goodgold sought to collect a pre-petition debt after he had filed for

bankruptcy protection. The Debtor argues that this letter violated the automatic stay imposed by

§ 362(a), and seeks the imposition of sanctions, and an award of punitive damages in the amount

of $5,000, plus attorneys' fees and costs totaling $3,000.

Discussion

The automatic stay is triggered the instant a bankruptcy petition is filed.  11 U.S.C. § 362.

Among the actions stayed are:

> the commencement or continuation, including the issuance or
> employment of process, of a judicial, administrative, or other action
> or proceeding against the debtor that was or could have been
> commenced before the commencement of the [bankruptcy] case . . .,
> or to recover a claim against the debtor that arose before the
> commencement of the case under this title; . . . [and] any act to
> collect, assess, or recover a claim against the debtor that arose before
> the commencement of the [bankruptcy] case . . . .

11 U.S.C. § 362(a)(1),(6).  While a party's knowledge of the filing is "immaterial to a

determination of whether the stay was violated," it is relevant to whether the violation was

willful.  Siskin v. Complete Aircraft Servs., Inc. (In re Siskin), 231 B.R. 514, 517 (Bankr.

E.D.N.Y. 1999).  "Pre-filing contact between a creditor and a debtor indicating that a bankruptcy

may be filed has not been deemed sufficient to constitute actual notice for purposes of

establishing a willful violation because, '. . . it must be emphasized that *it is the filing of a*

*petition and not the debtor's intent to file which invokes the automatic stay*.'"  In re Flack, 239

B.R. 155, 163 (Bankr. S.D. Ohio 1999) (quoting In re Bragg, 56 B.R. 46, 49 (Bankr. M.D. Ala.

1985)).

If a violation was willful, an individual debtor may seek relief pursuant to § 362(k),

which provides that "an individual injured by any willful violation of a stay provided by this

section shall recover actual damages, including costs and attorneys' fees, and, in appropriate

circumstances, may recover punitive damages."  11 U.S.C. § 362(k)(1).[2]  This section was

---

[2] Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, § 362(k) was designated § 362(h).

enacted "[t]o preserve the integrity of the automatic stay provisions and to protect consumer debtors and creditors."  Flack, 239 B.R. at 162.

The Respondents argue that they did not have actual knowledge of the bankruptcy filing because counsel's letter only stated that the Debtor "is filing bankruptcy," and because the petition provided to them did not contain any proof that it was filed.  Additionally, the Respondents argue that § 362(k) permits an award of punitive damages only in situations where the Debtor has been injured by the violation, and that the Debtor was not injured by the letter. Respondents contend, therefore, that no punitive damages are recoverable.

The Debtor argues that the Respondents knew, or should have known, of the bankruptcy filing, and that they willfully violated the automatic stay by sending the letter to the N.J. State Court.  The Debtor contends that he can obtain punitive damages and attorneys' fees pursuant to § 362(k) by virtue of the violation, without suffering other damages.  To find otherwise, he argues, would have the effect of giving "permission" for violations that do not cause damages. (Tr.[3] at 14-15.)

The Debtor's motion must be denied because the Respondents' conduct does not warrant an award of punitive damages under § 362(k), even assuming the Respondents had actual knowledge of the Debtor's bankruptcy filing.  Punitive damages are only appropriate when a creditor, in bad faith or with malice, violated the automatic stay, Crysen/Montenay Energy Co. v. Esselen Assocs., Inc. (In re Crysen/Montenay Energy Co.), 902 F.2d 1098, 1105 (2d Cir. 1990); In re Adomah, 368 B.R. 134, 139 (S.D.N.Y. 2007), or acted in a particularly egregious manner, In re Solis, 137 B.R. 121, 133 (Bankr. S.D.N.Y. 1992).  Furthermore, a debtor must show that he

---

[3]"Tr." refers to the transcript of the hearing held on December 3, 2009.

suffered actual damages in order to recover punitive damages; "[v]iolation of the automatic stay, standing alone, will not support award of damages under . . . § 362[k]." Siskin, 231 B.R. at 521.

While Goodgold certainly violated the automatic stay by sending the letter to the N.J. State Court, he also promptly thereafter informed the court that the matter could not proceed because the Debtor filed for bankruptcy. The Debtor was not required to appear in N.J. State Court, and was not required to take any action to enforce the automatic stay and prevent the N.J. State Court from holding a contempt hearing. Indeed, it is conceded that Goodgold informed the N.J. State Court of the bankruptcy filing before this motion was filed. (Tr. at 5.) Based upon these facts, this Court cannot conclude that Goodgold's actions were egregious, or that he maliciously, or in bad faith, violated the automatic stay. Given this conclusion, punitive damages cannot be awarded.

Moreover, this Court cannot award the reimbursement of attorneys' fees and costs under these circumstances.[4] While attorneys' fees and costs are recoverable under § 362(k), the fees and costs must be reasonable and necessary. In re Robinson, 228 B.R. 75, 85 (Bankr. E.D.N.Y. 1998). "The policy of section 362[k], to discourage willful violations of the automatic stay, is tempered by a reasonableness standard born of courts' reluctance to foster a 'cottage industry' built around satellite fee litigation." Id. (citing Putnam v. Rymes Heating Oils, Inc. (In re Putnam), 167 B.R. 737, 741 (Bankr. D.N.H. 1994)). It is well established that "[r]easonable and necessary fees do not include unnecessary litigation costs." Id.; see also Yarinsky v. Saratoga

---

[4] Although the Debtor stated that he suffered no actual damages (Tr. at 3), attorneys' fees and costs constitute actual damages. See 11 U.S.C. § 362(k) ("[A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees . . . ."); In re Robinson, 228 B.R. 75, 85 (Bankr. E.D.N.Y. 1998) (citing Bank of Boston v. Baker (In re Baker), 140 B.R. 88, 90 (D. Vt. 1992)).

Springs Plastic Surgery, PC (In re Saratoga Springs Plastic Surgery, PC), No. 1:03CV896, 2005

WL 357207, at *5 n.4 (N.D.N.Y. Feb. 11, 2005), aff'd, 172 Fed. Appx. 339 (2d Cir. 2006)

("[A]n 'excessively litigious approach' to violations of the automatic stay that do not cause

damages in an[d] of themselves must be guarded against.").

Here, Goodgold informed the N.J. State Court that the matter could not proceed before

the Debtor filed this motion to enforce the automatic stay and to recover sanctions.  This is

precisely what Goodgold was required to do.  See Sucre v. MIC Leasing Corp. (In re Sucre), 226

B.R. 340, 348 (Bankr. S.D.N.Y. 1998) ("Upon learning of a bankruptcy filing, a creditor has an

affirmative duty to return the debtor to the status quo position as of the time of the filing of the

petition.").  As a result of Goodgold's corrective actions, the Debtor did not incur any costs in

defending himself at a contempt hearing in N.J. State Court, nor was he required to make a

motion in this Court to enforce the stay.  The only damages incurred by the Debtor were the fees

and costs of bringing this subsequent motion to recover punitive damages.  Under these

circumstances, and because punitive damages are clearly unwarranted, this Court concludes that

the fees incurred in bringing this motion were neither reasonable nor necessary.  Therefore, the

fees and costs of bringing this motion are not recoverable by the Debtor.

7

<u>Conclusion</u>

For all the foregoing reasons, the Debtor's motion is denied.  A separate order will issue.



Dated: Brooklyn, New York
March 2, 2010

Carla E. Craig
United States Bankruptcy Judge